RATHER *v.* WILLIAMS.

(*Nashville.*     March 8, 1895.)

CHANCERY PRACTICE.     *Rule 2, Section 4, construed.*

Chancery Rule 2, Section 4, providing that "after a cause is set for hearing, the same shall be open to both parties for proof without leave of the Court, and without remanding the cause to the rules, but each party must take his proof in chief within four months and the rebutting proof within two months,"' has not the effect to postpone absolutely the hearing of a Chancery cause for the full term of six months after the issues are made up. The Chancellor's action is sustained in disposing of this cause, upon regular call of his docket, over defendant's objection showing no merit, within four months after the cause was first open for proof, it appearing that no proof in chief or rebuttal was essential, or could be material, to either party upon the issues presented, and that complainant had notified defendant that his proof in chief was closed more than two months before the hearing.

FROM DAVIDSON.

Appeal from Chancery Court of Davidson County: J. C. BRADFORD, Sp. Ch.

CHAMPION, HEAD & BROWN and PALMER & RIDLEY for Rather.

STEGER, WASHINGTON & JACKSON for Williams.

McALISTER, J. The solution of the question presented in this record depends upon a proper construction of Rule 2, Section 4, of Chancery Practice, which is as follows: "After a cause is set for hearing, the same shall be open to both parties for proof without leave of the Court, and without remanding the cause to the rules, but each party must take his proof in chief within four months and the rebutting proof within two months; *Provided*, The Chancellor or Master may extend the time, upon sufficient cause shown by affidavit, upon terms."

The question for determination arises out of the following state of facts: On March 20, 1894, complainant filed this bill against the defendants, Williams and Yarbrough, Maddux & Davis, to collect a note executed by them for the sum of $5,000, and to subject to sale certain collateral securities hypothecated for its payment. On April 5, 1894, Williams filed an answer, in which the execution and delivery of the note were not denied, but it simply averred "that defendant does not admit that the note sued upon is the property of complainant, and does not admit that complainant is entitled to maintain suit upon it. Defendant denies that he is indebted to complainant as charged, and denies the right of complainant to sell, or cause to be sold, the stock mentioned in the bill; and defendant denies complainant's right to judgment against him." On April 6, 1894, *pro confesso* was taken against

the other defendants. On May 2, 1894, the deposition of the complainant was taken and filed, exhibiting the note and proving the allegations of the bill. And thereupon defendant was notified that complainant had finished his proof, and was ready for trial.

The defendant made no proof, and, on July 10, two months and eight days after said notice, the cause was regularly reached and called for trial. The defendant resisted the hearing of the cause upon the ground that the six months allowed by Rule 2, Sec. 4, of Chancery Practice had not expired. The defendant did not, by affidavit or by suggestion of counsel, claim that he had any testimony he desired to offer, but based his resistance exclusively upon the technical ground that he was entitled to six months, under the rule, to take his testimony. The Chancellor was of opinion that defendant was not entitled to any further time, and, accordingly, pronounced a decree in favor of complainant for the amount of the note with interest, and, upon default in the payment of the decree within sixty days, he ordered a sale of the collaterals for its satisfaction. Defendants appealed, and the only error assigned is, that, after the expiration of the four months allowed for taking testimony in chief, the defendant was entitled to two months to take rebutting testimony.

We think the decree was correct. There was no defense relied on in the answer that required any

35—10 P

Rather *v.* Williams.

testimony in chief, and the defendant had over two months for taking his rebutting testimony. "Proof in chief, in the meaning of the Chancery rule, is proof that tends to establish the affirmative allegations of the pleadings, and rebutting proof is proof that tends to refute these allegations, or that assails the evidence or witnesses of the other party. Proof of matters in avoidance is proof in chief." Gibson's Suits in Chancery, Sec. 463.

As already observed, defendant did not deny the execution and delivery of the note, or plead any matter in avoidance, or rely upon any defense by affirmative allegations. The general averments of the answer amounted to no defense and called for no testimony in chief. Moreover, the defendant was notified on May 2 that complainant had closed his testimony, and, from that date, more than two months elapsed before the cause was called for trial, during which time defendant offered no testimony in rebuttal.

On the application for a continuance, defendant made no showing or suggestion of any facts he wished to prove, nor designated any witnesses he desired to examine. The defendant was not entitled, under the rule, as a matter of right, to any additional time, and he made no showing upon his application for a continuance that appealed to the discretion of the Chancellor to grant him further extension.

There is no error in the decree, and it is affirmed.