## W. O. HARRIS *et al. v.* W. G. BOGLE.

## (*Nashville.* December Term, 1905.)

1. **JURY TRIALS IN CHANCERY.** Rule for application to be made at trial term means the term at which the trial shall actually occur.

   A chancery rule requiring that application for a jury must be made by petition in open court upon the first day of the trial term must be construed as meaning ·that the jury shall be demanded on the first day of the term at which the cause shall be tried, and not at the first term at which it is triable, as otherwise, the rule would be in conflict with the provision of the statute (Shannon's Code, sec. 6284).

   Code cited and construed: Secs. 5739, 5740, 6138, 6159, 6160, 6164, 6205, 6210; 6211, 6220-6245, 6274, 6282-6287 (S.); secs. 3935, 3936, 4328, 4349, 4350, 4354, 4395, 4400, 4401, 4410-4433, 4457, 4465-4470 (1858).

   Cases cited, distinguished and approved: Stadler v. Hertz, 13 Lea, 318, 319; Cheatham v. Pearce, 89 Tenn., 670-697.

2. **SAME.** Jury not demanded in pleadings can be demanded only after expiration of time for the other party to take his proof.

   Where a jury in chancery is not demanded in the pleadings, then a jury cannot be demanded by either party until the rights of the other party has been fully enjoyed as to the time for taking proof. (*Post, pp. 714, 715.*)

   Code cited and construed: Secs. 6274, 6282, 6283, 6284 (S.); secs. 4465-4467 (1858).

3. **SAME.** Waived by obtaining reference to the master and report by him. ·

   Where a party applies for and obtains a; reference of the cause to the master, he thereby waives his right to a jury trial in the chancery court, for such trial cannot be had upon the report of the master. (*Post, pp. 710, 711.*)

Harris v. Bogle.

Cases cited and approved: Martin v. Martin, 24 S. C., 446; Rivas
v. Summers, 33 Fla., 539; Baird v. City of New York, 74 N. Y.,
382.

4. **SAME.** Same. **Waived by reference not actively sought, but
accepted and acted on.**
Order of reference made in form upon the chancellor's own mo-
tion, but in fact suggested by him, and granted in order to
enable the party to get in his proof, which he accepted and
acted upon, operates as a waiver of a jury trial in chancery,
as stated in the third headnote. (*Post, p.* 716.)

Cases cited and approved: Kelly v. Smith, 1 Blatchf., 290; At-
kinson v. Whitehead, 77 N. C., 418; Grant v. Hughes, 96 N. C.,
177.

FROM DAVIDSON.

APPEAL from the Chancery Court of Davidson County.
—JOHN ALLISON, Chancellor.

JOHN M. GAUT, for complainants.

SAMUEL N. HARWOOD, for defendant.

MR. JUSTICE NEIL delivered the opinion of the Court.

The first question to be determined on this appeal
depends upon the construction and validity of rule 35
of the chancery court of Davidson county. That rule,
so far as it is necessary to quote, for the purposes of
the present inquiry, reads as follows:

"Rule 35. Application for a jury must be made by petition in open court upon the first day of the trial term."

The cause was put at issue by the filing of an answer during the April term, 1904. The jury was demanded by defendant on the 1st day of the October term, 1905. The chancellor declined to grant the application, and his action is defended here under the rule above quoted.

It is insisted by the defendant that a proper construction of the rule would authorize an application for the jury at any term of the court at which the case might be tried. The complainants insist that the true construction is the first term at which the case is triable. This was the view adopted by the learned court of chancery appeals.

It is also insisted by the defendant that under the sections of the Code, which authorize trials by jury in chancery, an application can be made at any time during any term after the cause is at issue, and that the rule above quoted is in any event contrary to the sections of the Code referred to, and is void.

The Code sections upon the subject are as follows:

"6282. *Either party may have jury.* — Either party to a suit in chancery is entitled, upon application, to a jury to try and determine any material fact in dispute, and all the issues of fact in any case shall be submitted to one jury.

"6283. *At first term, when.* — If the demand is made in the pleadings, the cause shall be tried at the first

term before a jury summoned instanter, in the same way
that jury causes are tried at law.

"6284. *When cause is ready for hearing.* — If the
demand is only made after the cause is ready for hearing,
the trial will be before a jury summoned instanter upon
the like evidence as a suit at law, together with such
parts of the bill, answers, depositions, and other pro-
ceedings in the cause, as the court may order.

"6285. *Issues.* — The issues shall be made up by the
parties under the direction of the court, and set forth
briefly and clearly the true questions of fact to be tried.

"6286. *Trial.* — The trial shall be conducted like
other jury trials at law, the finding of the jury having
the same force and effect, and the court having the same
power and control over the finding, as on such trials at
law.

"6287. *Witnesses.* — The parties in all jury trials in
chancery (may) summon witnesses and enforce their at-
tendance, as at law."

The sections of the Code which authorize the chancel-
lors to make rules are the following:

"5739. *Majority may make rules.* — The chancellors
of this State, or a majority of them, may make such
rules as they may deem beneficial and proper to reg-
ulate the practice of the chancery courts, not inconsist-
ent with the provisions of this Code; and the rules thus
agreed upon shall be obligatory on all the chancery
courts.

"5740. *If not, each chancellor may.* — In the absence

of any such action by the chancellors as a body, each chancellor may make rules and regulations of practice for the purpose of expediting business in his own chancery division."

It is observed that the sections last quoted forbid the making of any rules which are inconsistent with the provisions of the Code.

The rule above quoted has no application to the case contemplated in Code, sec. 6283. If there be any conflict it must be with the provisions of section 6284. This provides for the making of an application "after the cause is ready for hearing." That section does not, in terms, give the right to demand a jury at any time after the cause is ready for hearing. This omission left the matter open to regulation by rule of the court under the sections of the Code above quoted upon that subject.

. The validity of such rules was elaborately considered by this court in the case of *Cheatham* v. *Pearce*, 89 Tenn., 670-691 et seq., 15 S. W., 1080. See, also, the case of *Stadler* v. *Hertz*, 13 Lea, 318, 319.

In the case last cited, the rule which the court considered and held valid contained the provision that no jury should be allowed in the court, unless the demand therefor should be made on or before the second day of the term on the motion docket or at the bar of the court. The rule which was held valid in *Cheatham* v. *Pearce*, was "that application for a jury must be made within the first three days of the trial term."

The following sections of the Code throw light upon the subject.

"6138. *Issue and trial.* — If the plaintiff do not except to the answer within the time prescribed by law, the issue shall be regarded as made in the same way as if replication had been filed, and the cause shall stand for trial at the first term of the court after answer filed; and, if at that or any other term the cause is continued, it shall stand for hearing at the next term.

"6210. *Notice of answer filed; twenty days' exception.* — When an answer has been filed, the clerk and master shall notify the complainant's solicitor of the fact, by letter or otherwise, and he may, within twenty days, file exceptions thereto.

"6211. *If no exception, cause at issue; trial at first term.* — If the plaintiff fail to except to the answer within said time, the cause shall be at issue, and stand for trial at the first term after the answer is filed.

"6244. *Causes at issue without replication, and stand for trial at first term.* — All causes are at issue, without replication filed, if the plaintiff fail to except to the answer of the defendant within the time prescribed by law, and shall stand for trial at the first term of the court after answer filed, and at every term thereafter, if not then heard."

The first trial term is the term at which the issue is thus made up.

Does the rule mean that the jury must be demanded at this term? If so it must be held void as in conflict

with section 6284 of Shannon's Code.    That section
plainly contemplates that a jury may be demanded
"after the cause is ready for hearing." That this does
not mean merely after the cause is at issue is shown
by the provision further on in the section that upon such
demand being made the cause may be heard, among other
things, on "depositions, and other proceedings in the
cause." This indicates that the legislature had in mind
a case which had been sufficiently long at issue to per-
mit the parties to take evidence in the form of deposi-
tions; indeed the ordinary occurrence in practice where-
in it appears the cause has been put at issue and the
parties have prepared it either partially or wholly by
the taking and filing of depositions, documentary evi-
dence, etc. These provisions cannot be harmonized with
a rule requiring the demand of a jury on the first day
of the first term at which the cause could be tried, that is
on the first day of the term at which the cause is put
at issue. For example, the present cause was put at issue
on June 4, 1904, which was during the April term of
the court. The construction insisted upon would re-
quire that the jury should have been demanded on the
first Monday in April, 1904, which was the first day
of the first term at which the cause was put at issue, and
at which it was triable; that is that it should have been
demanded months before issue made, and before it was
possible that there could be any depositions on file in
the cause.

The rule should be so construed as to bring it into har-

mony, if possible, with the Code section last referred to. This harmony is effected by construing it to mean that the jury shall be demanded on the first day of the term at which the cause shall be tried.

The learned court of chancery appeals was in error in its citation of the case of *Cheatham* v. *Pearce,* supra, as supporting its construction. An examination of that case will disclose that the bill was filed July 22, 1889, against C. S. Pearce and Thomas Ryan, as partners, and also against C. B. & C. D. Pearce (89 Tenn., 672, 15 S. W., 1080) ; that a plea in abatement and an answer to so much of the bill as was not covered by the plea, were filed by Pearce & Ryan, September 2, 1889 (89 Tenn., 673, 675, 15 S. W., 1081, 1082) ; that on the same day C. B. & C. D. Pearce filed a plea in abatement (89 Tenn., 675, 15 S. W., 1082), to the whole bill (89 Tenn., 680, 15 S. W., 1083) ; that on November 27, 1889, a replication was filed by the complainant to both pleas (89 Tenn., 682, 15 S. W., 1083), which was during the October term, 1889. Thus the cause was put at issue during that term. A jury was demanded in the replications, but this was held ineffective, because not called to the attention of the chancellor. On this special phase of the matter the court said (page 696 of 89 Tenn., page 1086 of 15 S. W.) : "We believe no case can be found in our reports where the chancellor has ever ordered a jury trial at the application of one of the parties unless the application was made to the chancellor by motion in open court; and a demand for a jury in a repli-

Harris v. Bogle.

cation or other pleading is not a compliance with the practice."[1] The application which the court had under examination and which it considered and treated as the only formal application for a jury trial in the cause was the one which was made on May 27, 1890 (89 Tenn., 683, 15 S. W., 1083), which was during the April term, 1890, at which term the cause was in fact tried (89 Tenn., 686, 15 S. W., 1084), and of this application, the court said: "It is true that complainant did apply to the chancellor in open court for a jury, but unfortunately, the application was not made 'within the first three days of the trial term' as required by the rule of April 10, 1889, and therefore was made too late." 89 Tenn., 696, 697, 15 S. W., 1086, 1087.

It is thus seen that the court's view of the matter, as expressed in the opinion referred to, was that the term intended was the term at which the cause was actually tried, and that the decision was that the jury must under the rule be demanded within the first three days of that term; not within the first three days of the term at which the cause was first triable.

The same result is reached on a careful examination of *Stadler* v. *Hertz,* supra. When the application for a jury was made the cause had been at issue about a year, and no evidence had been filed by the complainants. When forced into trial after this lapse of time they demanded a jury in order that they might escape the effect of their failure to take proof at an earlier date. Speaking to this subject the court said: "Nor do we think

[1] The court was not considering a case falling under section 6283, under which the application is made in the bill or answer. The replication was treated as a mere similiter (89 Tenn., 696, 15 S. W., 1086).

that the court below was in error in refusing a jury to complainants. For the purpose of saving costs and time, and to have all jury cases tried about the same time, and for the convenience of the court as recited therein, a rule of court was published and entered upon the minutes of the court, declaring that no jury will hereafter be allowed in this court, unless the demand therefor be made on or before the second day of the term, by motion on the motion docket, or at the bar of the court. This we think a reasonable regulation, preventing surprise to the adverse party and affording opportunity to obtain a jury. The motion in this case was made more than a week after the beginning of the term, and on the same day on which the cause was heard and the decree entered."

It is apparent that the court entertained the view that the application would have been in time if made on or before the second day of the term at which the cause was tried. It follows, therefore, that the application in the present case was within time, under a true construction of the rule, having been made on the first day of the term at which the cause was tried.

However, the jury was properly denied to the complainant, because he had waived the right by applying at the previous term for and obtaining a reference of the cause to the master. The hearing had at the October term was on the report of the master. By such successful application for a reference the complainant waived the right to a jury trial. He could not have such

a trial upon the report of the master. *Martin* v. *Martin,* 24 S. C., 446; *Rivas* v. *Summers,* 33 Fla., 539, 15 South., 319; *Baird* v. *City of New York,* 74 N. Y., 382.

On the ground last stated the decree of the court of chancery appeals is affirmed, with costs.

### ON PETITION TO REHEAR.

Complainants' petition is overruled, but in considering the points made therein it has occurred to us that in order to prevent a misconception, we should make some additional observations upon one phase of the subject discussed in the original opinion.

It is first to be noted that the system of appearance and trial terms pertaining to courts of law has no place in our chancery practice; hence the cases which complainants' counsel cite concerning trial term at law have no bearing. In chancery the issue is made up, not at appearance terms, but chiefly at rules. Each day of the term is a rule day, and the first Monday of every month during vacation. Shannon's Code, sec. 6233. While subpoenas to answer may in some instances be made directly returnable to terms of court (Shannon's Code, section 6160), they are, in general, to be made returnable to rule days (section 6159); also publication notices (section 6164; *Fellows* v. *Cook,* 10 Heisk., 81, 82, 83). When the terms of court continue long enough such process, if issued more than five days before the term, may be made returnable to any Monday of the term, and if executed five days before such return day,

the defendant must cause his appearance to be entered, and make defense, or obtain time therefor within the three succeeding days and the cause will stand to be proceeded in at that term (Chancery Rule 11; Shannon's Code, p. 1783), if such process be executed within five days before such return day, then it is to be returned to the succeeding Monday, and the defendant is allowed the three succeeding days thereafter to cause his appearance to be entered, and make defense or obtain time therefor, and the cause will stand to be proceeded in at that term (Id., sec. 2).

Large powers are vested in the chancellor and in the master to facilitate the preparation of causes during vacation. Sections 6220-6245.

A rule may be made in the master's office during vacation requiring either party to take any step necessary to the progress of the cause. Section 6199. If this step be not taken the chancellor can at the next term make the rule peremptory, requiring compliance with it on penalty of dismissal. Section 6200.

Upon being summoned to answer, the defendant may make defense by demurrer, plea, or answer, but upon such demurrer or plea being overruled, he must answer by the next rule day, if no time be granted by the court. Section 6205. The next rule day during the term of the court would be the next day.

Upon answer being filed, whether in vacation or in term time, it is the duty of the clerk and master at once

to set the cause for hearing, and transfer it from the rule docket to the trial docket. Section 6243.

The cause is then ready for the taking of testimony, and it is the duty of the parties to proceed. Section 6273, rule 1, section 6; Shannon's Code, p. 1777.

The general chancery rule (rule 2, sec. 4), and the Code (Shannon's Code, sec. 6274), allow to each party four months in which to take original evidence and two months for rebutting evidence. This does not mean, however, that six months must elapse after a cause in chancery is at issue before either party can force the other to trial. *Rather* v. *Williams*, 94 Tenn., 543, 29 S. W., 898.

In the case cited, the complainant obtained a trial at the expiration of three months and five days from the date when the cause was put at issue. He accomplished this by taking his own evidence promptly and notifying his adversary that he had closed his case. The state of the pleadings was such that the defendant had no original evidence to offer. Two months elapsed between the date of the notice to him, and the day when the cause was called for trial. Of course he could have introduced his rebutting evidence within this time, if he had any. But he did not show that he had any such evidence. He stood simply upon the rule, claiming that a trial could not be demanded as a matter of right until six months had expired. The court held this position was untenable.

Although some delay necessarily results where the

parties avail themselves of the benefits of rule 2, section 4, and of Code, section 6274, however much its operation may be restricted by the diligence of either party, it must be remembered that the rule does not apply where a jury trial is demanded, in the pleadings under section 6283. The necessity for its use, the time to take and file evidence, is superseded by the presence of the witnesses themselves before the court and jury.

The next section (6284) quoted in the original opinion, contemplates a case where the demand is not made until after the cause is at issue. It applies equally to cases in which no evidence has been filed, to those in which some evidence may be on file, and to those in which all the evidence is on file in the form of depositions or documentary evidence.

In the first of these the evidence is supplied by the testimony of witnesses introduced on the trial; in the second, the depositions and documentary evidence are supplemented by oral evidence; in the third the evidence is already complete.

But in determining the meaning of this section, it should be construed in connection with the one immediately preceding it, and also with section 6274, and chancery rule 2, sec. 4. Holding all of these provisions under one view, we think the following conclusion is obvious and inevitable.

If a jury is not demanded in the pleadings filed by either party, under section 6283, then the case falls within the operation of section 6274, and chancery rule

2, section 4, and a jury cannot be demanded by either party, under section 6283, until the rights of the other have been fully enjoyed under section 6274, and the said rule 2, section 4.

But, as has been already pointed out, that time is by no means necessarily six months from the day the cause was put at issue. It has been seen by the example which the case of *Rather* v. *Williams,* supra, furnishes, that the complainant, may sometimes, by diligence on his own part, reduce the time by about one-half. Cases may be conceived where the reduction would be even greater.

Thus it may often happen, where the terms of court are long, particularly in the cities of the state, that issue will be made, proof taken, and the cause stand for trial, all within the period of a single term.

Now what are the rights of the parties in respect of a jury trial in a situation such as this? We think it clear that, after the cause has thus become ready for hearing, either party would have the right at any time thereafter, during that term, under section 6284, to demand a jury trial.

Rule 35 could have no application to such a state of facts, because, if so construed, it would be brought into conflict with the statute. Or, to state the point in a different way, in so far as the general language in which the rule is couched would extend its operation to cases in such a situation it must be held void. But its operation would be free and unembarrassed at any subsequent

Harris v. Bogle.

term. What is said in the original opinion, therefore, upon the subject, must be understood as qualified and explained here.

The defendant's petition to rehear is also overruled. The point made in this petition is that defendant did not apply for the reference, but it was made upon the chancellor's own motion. This is the form of the matter, but not the substance. What happened was that the chancellor himself suggested the order of reference, and granted it, in order to enable the defendant to get in his proof. He accepted and acted on it. The principle is the same. *Kelly* v. *Smith,* 1 Blatchf., 290, Fed. Cas., No. 7675; *Atkinson* v. *Whitehead,* 77 N. C., 418; *Grant* v. *Hughes,* 96 N. C., 177, 2 S. E., 339.