## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

## NASHVILLE DECEMBER TERM, 1919.

---

WORLD GRANITE CO. *v.* MORRIS BROS.

(*Nashville.* December Term, 1919.)

COURTS. Defendant in equity demandng jury trial in answer not to be deprived thereof by rule of court.

Chancery court could not deprive a defendant who has demanded a jury trial in his answer of the right to such trial given him by Shannon's Code, section 6283, in view of section 5739, 5740, 6282, 6284, though defendant had not complied with rule of court requiring defendant to demand a jury by a motion in court after joinder of issue, such statute being mandatory, and such rule of court being in conflict therewith.

Case cited and distinguished: Harris v. Bogle, 115 Tenn, 701.

Code cited and construed: Secs. 5739, 5740, 6282, 6283, 6284 (S.).

---

### FROM SHELBY

---

Appeal from the Chancery Court of Shelby County.—— HON. F. H. HEISKELL, Chancellor.

L. T. M. CANADA, for appellants.

BANKS & HARRELSON, for appellee.

(665)

Mr. Justice McKinney delivered the opinion of the Court.

The original bill in this cause was filed by the World Granite Company to recover from Morris Bros., a partnership, an account amounting to $1,420.

Defendants answered the bill, denying that they were indebted to the complainant in any sum, and in said answer demanded a jury to try the issues.

When the cause came on for hearing, the defendants insisted on having same tried by a jury, but the chancellor was of the opinion that they were not entitled to a jury, and, over their objection, heard the cause without a jury.

The defendants declined to offer any proof, and upon the evidence introduced by the complainant the chancellor entered a decree in its favor for the amount sued for. The defendants have appealed from said decree, and have assigned as error the action of the chancellor in denying them a trial by a jury.

The pertinent provisions of our statutes (Shannon's Code) in regard to jury trials in chancery causes are as follows:

"Sec. 6282. Either party to a suit in chancery is entitled, upon application, to a jury to try and determine any material fact in dispute, and all the issues of fact in any case shall be submitted to one jury.

"Sec. 6283. If the demand is made in the pleadings, the cause shall be tried at the first term before a jury summoned *instanter* in the same way that jury causes are tried at law.

"Sec. 6284. If the demand is only made after the cause is ready for hearing, the trial will be before a

World Granite Co. v. Morris Bros.

jury summoned *instanter* upon the like evidence as a suit at law, together with such parts of the bill, answers, depositions, and other proceedings in the cause, as the court may order.''

''Sec. 5739.   The chancellors of this State, or a majority of them, may make such rules as they may deem beneficial and proper to regulate the practice of the chancery courts, not inconsistent with the provisions of this Code; and the rules thus agreed upon shall be obligatory on all the chancery courts.

''Sec. 5740.   In the absence of any such action by the chancellors as a body, each chancellor may make rules and regulations of practice for the purpose of expediting business in his own chancery division.''

The rules of the chancery court of Shelby county provide that, even where a jury is demanded in the pleadings, such demand will be treated as waived, unless the party demanding the jury make a motion in court, after the cause is at issue, for an order to have the cause placed on the jury calendar.   The defendants did not comply with this rule, and we presume that it was for this reason that the chancellor declined to submit the issues to a jury.

The rules further provide that no cause shall be placed on the jury calendar until an order has been entered directing it.

It is insisted by the defendants that such a rule is inconsistent with the statute, and, they having demanded a jury in their answer, it was the duty of the clerk to enter the cause upon the trial docket, and that the chancellor has no right to make any rule that would deprive them of the right given them by the statute.

The statute in question is mandatory, and provides that where a jury is demanded in the pleadings the cause shall be tried before a jury.

In *Harris* v. *Bogle,* 115 Tenn., 701, 92 S. W., 850, this court had under consideration a chancery rule which provided that: "Application for a jury must be made by petition in open court upon the first day of the trial term."

The court said: "It is observed that the sections last quoted (5739 and 5740) forbid the making of any rules which are inconsistent with the provisions of the Code.

"The rule above quoted has no application to the case contemplated in Code, section 6283. If there be any conflict it must be with the provisions of section 6284. This provides for the making of an application 'after the cause is ready for hearing.' That section does not, in terms, give the right to demand a jury at any time after the cause is ready for hearing. This omission left the matter open to regulation by rule of the court under the sections of the Code above quoted upon that subject."

Where the demand for a jury is made in the pleadings, section 6283, in express terms, gives the right to a jury trial. The omission referred to above in section 6284 does not occur in section 6283; therefore the chancellors were without power to change said statute by rule, and the rule in question does conflict with the statute.

The Code provides that the cause shall be tried by a jury where the demand is made in the pleadings. The rule of the court provides, in effect, that notwithstanding this plain mandate of the statute, such jury trial

shall not be had unless certain other things are done. In discussing the rule under consideration in *Harris* v. *Bogle,* supra, this court said :

"This we think a reasonable regulation, preventing surprise to the adverse party and affording opportunity to obtain a jury."

These reasons are potent in a cause like the one being considered in that case, but such reasons would not apply in a cause like the present one for the adverse party was given notice upon the filing of the answer, and as soon as the cause was at issue, that the defendants desired to have the cause heard by a jury, and hence the complainant could not be surprised.

It is likewise apparent that this means of demanding a jury is just as effective as appearing in open court, as provided by the rule, and moving for an order to have the cause heard by a jury, and the opportunity for summoning the jury is certainly afforded where the demand is made in the pleadings as much so as where the demand is made in open court.

Counsel for the complainant, in their brief, have not presented any reason or shown any necessity for such a rule as the one we are here considering, and none occurs to us.  Nor has it been pointed out how such a rule could be upheld without contravening the provisions of the Code.

We are of the opinion, therefore, that the defendant was entitled to have the issues tried by a jury.

As soon as the cause was at issue, a demand for a jury having been made in the pleadings, the clerk should have entered the cause upon the trial docket.

For the error in declining to submit the cause to a jury, the cause will be reversed, and remanded for a new trial.