Juanita CHAPMAN, Plaintiff–Appellee,

v.

Roy Michael MALONE, Defendant–Appellant.

Court of Appeals of Tennessee,
Eastern Section.

Dec. 9, 1993.

Permission to Appeal Denied by
Supreme Court April 4, 1994.

Jeffrey M. Atherton, Chattanooga, for plaintiff-appellee.

K. Stephen Powers and Jane K. Ricci, Witt, Gaither & Whitaker, P.C., Chattanooga, for defendant-appellant.

*OPINION*

FRANKS, Judge.

On December 11, 1989, a referee in the Hamilton County Juvenile Court entered an order of legitimation, establishing that appellant was the father of a minor child, and ordering child support payments.

On October 7, 1992, appellant filed a petition to order blood tests and a petition to vacate the legitimation and child support order, which was ultimately dismissed by the Juvenile Court Judge.

Among the issues on appeal is whether the legitimation order is a final order appropriate for appellate review.

The legitimation order signed by the referee on December 11, 1989 is not a final order under the Rules of Juvenile Procedure, T.R.J.P. 4(d), which provides:

"In case no hearing before the Judge is requested, or when the right to a hearing is waived, the findings and recommenda-

tions of the referee become the decree of the Court *when confirmed by an order of the Judge.* The final order of the Court shall in any even be proof of such confirmation, and also of the fact that the matter was duly referred to the referee (emphasis added).

As the Rule notes, the findings and recommendations of the referee become final when confirmed by an order of the Judge. The apparent practice in Hamilton County Juvenile Court is for the Judge to confirm the referee's actions by signing the minutes where the referee's orders are entered. Assuming without deciding that this practice complies with the Rule 4(d) requirements of a confirming order, the record supplied us does not demonstrate that a Juvenile Court Judge signed the pertinent pages from the minute book. In absence of either an order affirming the actions of the referee, or a signature by a Judge approving a minute entry containing the referee's order, we conclude that the Juvenile Court has not confirmed the referee's orders relating to the issues before this Court.

■ Appellee argues that T.C.A. § 37–1–102(b)(5) finalizes the referee's order. That Statute provides in pertinent part:

> " 'court order' means any order or decree of a judge, referee or court of competent jurisdiction. A 'valid court order' is one which is authorized by law, and *any order entered in the minutes of a court of record are presumed to be valid.*" (Emphasis added).

Appellee's reliance on this Statute is misplaced. The Statute only addresses the validity of the referee's decision, rather than the finality of the decision, and it does not appear from the record before this Court that the referee's orders were properly recorded and validated as the minutes of the Court.

■ Appellee further argues that the referee's subsequent decisions concerning the child's name change and visitation and order of support validate the initial order of legitimation. It is insisted that such findings are presumed to have been confirmed by the Court and that the Court in essence con-

firmed the referee's earlier order as to legitimation.

This argument is without merit. Rule 4(d) is clear and provides for confirmation of the referee's recommendations by court order. Subsequent orders that merely assume the finality of a preceding order do not render the preceding order the order of the Court under the Statute.

Accordingly, we order the case remanded to the Hamilton County Juvenile Court, because no final order has been entered on the issue of legitimation from which an appeal will lie. T.R.A.P. Rule 3.

The costs of the appeal are assessed one-half to each party.

GODDARD and McMURRAY, JJ., concur.