STATE OF TENNESSEE, CHILD )
SUPPORT SERVICES OF )
DAVIDSON COUNTY, EX REL. )
CETTA COBBLE JACKSON, )
)
      Petitioner/Appellee, )     Appeal No.
)     01-A-01-9706-JV-00267
VS. )
)     Davidson Juvenile
HUBERT RUSSELL, )     No. 185-447-84
)
      Respondent/Appellant. )
)
IN THE MATTER OF: )
TIMOTHY BRYANT DEWAN COBBLE )
A Child Under the Age of Eighteen )

**FILED**

**February 13, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEALED FROM THE JUVENILE COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE ANDREW J. SHOOKHOFF, JUDGE


JOHN KNOX WALKUP
Attorney General & Reporter

KIMBERLY M. FRAYN
Assistant Attorney General
2nd Floor Cordell Hull Building
425 Fifth Avenue, North
Nashville, Tennessee 37243-0499
     Attorney for Petitioner/Appellee

EVALINA C. CHEADLE
129 Second Avenue North
Nashville, Tennessee 37201
     Attorney for Respondent/Appellant


AFFIRMED AND REMANDED


BEN H. CANTRELL, JUDGE

CONCUR:
TODD, P.J., M.S.
KOCH, J.

# O P I N I O N

The primary question presented by this appeal is whether a Juvenile Referee's decision giving a father credit for social security payments made to his child could be reversed by the Juvenile Judge after it allegedly had become final. The State argues that a change in the law makes the issue moot. We reject the mootness argument and affirm the lower court's order reversing the Referee's decision.

## I.

This case is before the court on the technical record only, no transcript of the evidence having been filed. Therefore, the factual basis for the various rulings is not an issue. The technical record shows that a child was born on May 29, 1981 to Hubert Russell and Cetta Cobble. The parents were not married but they filed a joint petition to legitimate the child, and the Juvenile Court of Davidson County granted the petition.

Various issues concerning support were tried at various times, some of them initiated by the State of Tennessee which was then providing aid to the child. On June 1, 1995 the Juvenile Court Referee entered an order requiring Mr. Russell to pay $130.00 per month for child support and to pay $43.33 per month on a $3,567.00 arrearage. Mr. Russell immediately filed a series of motions seeking to have his child support reduced because he was disabled and the child would begin receiving support through Social Security. On October 13, 1995 the Referee ruled that "as long as Mr. Russell receives disability and Ms. Jackson receives a check for Timothy's benefit, the child support obligation is met and no other payments shall be required." Neither side appealed the order.

In subsequent proceedings the Referee entered other orders that reduced Mr. Russell's arrearage by $1,499.00, the amount Ms. Jackson was supposed to receive in a lump sum from Social Security. The matter finally came

before the Juvenile Judge because both sides appealed; Ms. Jackson because she did not receive the $1,499.00 and Mr. Russell because he thought his arrearage had been miscalculated.

The Juvenile Judge found that Mr. Russell's social security benefits were income for child support purposes and that based on that income the child support obligation was $200.00 per month. But because of Mr. Russell's extraordinary medical expenses the court deviated from the guidelines and ordered Mr. Russell to pay $84.00 per month. In addition, the court held that the social security payments to the child could not be considered to satisfy either Mr. Russell's current support obligation or the arrearage. Finally, the court found that the arrearage was $4,196.00 and ordered Mr. Russell to pay $36.00 per month on the arrearage in addition to his $84.00 per month current support obligation.

## II.

First, Mr. Russell argues that the Juvenile Judge did not have before him a question of current support since the only appeals were from the Referee's orders dealing with the arrearage. We find, however, that the judge was obviously presented with other questions on which it was necessary to hear proof, and without a transcript of the evidence, we do not know what issues may have come before the court or were tried by consent.

Next, Mr. Russell argues that the Referee's order relieving him of any further child support payments as long as the child was receiving payments from social security had become final and could not be reversed by the Juvenile Judge. See Tenn. Code Ann. § 37-1-107, Rule 4(d), Tenn. R. Juv. Proc., and Rule 8.02, Rules of Dav. Co. Juv. Ct. Mr. Russell makes this argument in the face of the provisions of Tenn. Code Ann. § 36-5-101(a)(4)(E)(ii):

> No credit for child support payments shall be given by the Court for payment by the social security administration to the obligor's child pursuant to a claim based on the work-related disability of the obligor.

It could be argued that the Referee's order was void because the statute removed the court's subject matter jurisdiction to order the credit. But beyond that, we think the Juvenile Judge had the power, on his own motion, to rehear the matters decided by the Referee. Tenn. Code Ann. § 37-1-107 provides:

> (e) Any party may, within five (5) days thereafter, excluding nonjudicial days, file a request with the court for a hearing by the judge of the juvenile court. The judge may, on the judge's own motion, order a rehearing of any matter heard before a referee, and shall allow a hearing if a request for such hearing is filed as herein prescribed. Unless the judge orders otherwise, the recommendation of the referee shall be the decree of the court pending a rehearing.

> (f) In case no hearing before the judge is requested, or when the right to a hearing is waived, the findings and recommendations of the referee become the decree of the court when confirmed by an order of the judge. The final order of the court is, in any event, proof of such confirmation, and also of the fact that the matter was duly referred to the referee.

There are no time limits in the statute within which the judge must act to review the Referee's order. But of most significance is the provision that requires the confirmation by the judge in order for the Referee's findings and recommendations to become final. *See Chapman v. Malone*, 874 S.W.2d 66 (Tenn. App. 1993). There is nothing in this record showing that the Juvenile Judge confirmed the Referee's order of October 13, 1995; therefore, the order did not reach that stage of finality that would prevent the Juvenile Judge from reviewing it.

We are aware of Rule 8.02 of the Davidson County Juvenile Court which provides:

> The following language should be inserted in all referee orders as the concluding portion of the order and is to be used in lieu of the judge's confirming order:

- 4 -

> Pursuant to T.C.A. § 37-1-107, this order becomes the final order of the Juvenile Court if an appeal is not filed within five days, excluding Saturdays, Sundays and legal holidays, from the date this order is entered. This order may be appealed to the Juvenile Court Judge by filing a request for rehearing with the Juvenile Court Clerk. This order must be obeyed until the Judge rules otherwise. ANY FAILURE TO COMPLY WITH THIS REFEREE'S ORDER IS PUNISHABLE BY CONTEMPT, FOR WHICH THE PENALTIES MAY INCLUDE A FINE AND/OR IMPRISONMENT.

However, any part of the rule that conflicts with Tenn. Code Ann. § 37-1-107(f) is null and void. *Brown v. Daly*, 884 S.W.2d 121 (Tenn. App. 1994). As we read §37-1-107(f), it requires confirmation by the Juvenile Judge in order for a Referee's order to become final. That requirement cannot be changed by a local rule. The Referee's order is, however, binding until the Judge rules otherwise. That part of Rule 8.02 is consistent with Tenn. Code Ann. § 37-1-107(e).

The state has argued that this issue is moot since the prohibition against granting offsetting credits for social security benefits was repealed by Chapter 551 of the Public Acts of 1997 (effective July 1, 1997). We fail to grasp, however, the state's mootness argument. Repeal of the statute did not affect the controversy over whether the Referee's order of October 13, 1995 had become final and beyond the power of the Juvenile Judge to correct.

### III.

We take no position on the effect of the change in the law on July 1, 1997. All matters concerning how that change affects Mr. Russell's current support obligation and the amount of his arrearage must be addressed to the Juvenile Court.

The judgment of the court below is affirmed and the cause is remanded to the Juvenile Court of Davidson County for further proceedings. Tax the costs on appeal to the appellant.   - 6 -


_____
BEN H. CANTRELL, JUDGE

CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
WILLIAM C. KOCH, JR., JUDGE