Robert H. Hackman

*v.*

Bryant Reed Harris et ux, Martha Haskins Harris.

475 S.W.2d 175

(*Nashville,* December Term, 1971.)

Opinion filed January 3, 1972.

Knox Bigham, Lewisburg, for complainant-appellee.

Gerald Grizzell, Grizzell, & Taylor, Shelbyville, for defendants-appellants.

Mr. Justice McCanless delivered the opinion of the Court.

Robert H. Hackman on November 5, 1969, filed his original bill against Bryant Reed Harris and his wife, Martha Haskins Harris, by which he sought the specific performance of a contract in writing by which he averred the defendants had agreed to sell him their farm in Marshall County in consideration of $25,000.00 cash. The complainant alleged that the defendants had refused to perform the contract.

After they had obtained two extensions of time the defendants filed their answer on January 5, 1970, concluding it with this sentence: "Defendants hereby demand a jury to try the issues of fact in this cause."

On May 29, 1970, the defendants filed proposed issues of fact with the Clerk and Master. When the cause came on for trial on June 1, 1970, the complainant objected to the empaneling of a jury on the ground that the defendants had not complied with a rule of court applicable to the Chancery Courts of the Fifth Chancery Division, which had been in effect since July 16, 1941:

"In causes where the party is entitled to a Jury, in order to make proper preparations therefor, demand must be made for a jury in the pleadings, or in open Court, on or before the first day of the term at which said cause is for trial, and at the same time file with the Master the issues which he proposes, furnishing the opposing Counsel with a copy, who shall have 5 days in which to file other issues, or objections to those filed; the Clerk & Master will then pass the file to the Chancellor who will determine the issues to be submitted to the jury, and unless both the demand and the issues are so made and entered of record, a jury trial will be conclusively deemed to be waived; provided, additional issues may be submitted at the hearing, if deemed proper and material by the Court."

The Chancellor sustained the complainant's objection but empaneled what he designated as an "advisory jury" to whom he submitted issues and to whom the parties submitted the evidence in the cause.

As their defense to the complainant's bill, the defendants in their answer admitted that they had signed a

paper which the complainant had prepared and handed them but that the paper had not been read to them and they had not had an opportunity to read it under the circumstances and were not given a copy of it; that the signatures appearing on the paper exhibited to the bill could be the defendants' signatures but as they did not have sufficient knowledge either to admit or deny the execution of it, they denied it and demanded proof of the paper's authenticity. For their further answer the defendants said that if they had signed the exhibit, their execution of it had been obtained upon the complainant's false representation that it was a contract for the sale of only one tract owned by the defendants which they had therefore agreed to sell to the complainant for $25,000.00 and which is one of five tracts described in the bill; that the defendants at no time had agreed to sell the complainant their entire farm for $25,000.00 which is a grossly inadequate consideration for the purchase of a three hundred and forty acre farm.

After the "advisory jury" reported that they were unable to agree upon the issues the Chancellor discharged them and entered a decree granting the complainant the relief for which he had prayed and which contained the following language:

"The Court finds that the allegations of the original bill as amended are supported by the evidence; that the Defendants were and are the owners of the realty described in the bill; that the Defendants entered into a contract in writing, signed by them and delivered to the Complainant, to convey to the Complainant for the consideration of Twenty-five Thousand Dollars ($25,000.00), good and merchantable title to said realty by general warranty deed; that the Complainant has

complied with the terms of the contract but the Defendants have, without cause, failed and refused to convey title in accordance with the contract; that the Complainant is entitled to specific performance.''

The defendants filed a petition to rehear, which was overruled, and they then appealed and assigned errors to the Court of Appeals. That court in their opinion by which they affirmed the decree of the Chancery Court said:

"In the present case, the Chancellor found that there was no fraud, and the preponderance of the evidence supports this finding. The Chancellor found that the inadequacy of consideration, if any, was not so gross or shocking as to be of itself satisfactory evidence of fraud. The evidence preponderates in favor of this finding.

\* \* \* \* \* \*

"Defendants executed a valid contract to sell and convey their farm to complainant. Therefore they were obligated to convey when performance was demanded. Defendants admit their refusal to convey. The Chancellor correctly found that defendants had not sustained their defense or shown 'just cause' for their refusal to convey and correctly decreed specific performance.''

The parties introduced a large amount of evidence in support of their respective contentions from which the Chancellor and the Court of Appeals found concurrently the facts for which the complainant contends and which support the averments of his bill. They are supported by the proof and we cannot go behind them; they are

binding on us. *Tanksley v. Tanksley,* 145 Tenn. 468, 239 S.W. 766; *Park National Bank v. Goolsby,* 179 Tenn. 194, 164 S.W.2d 545.

There remains for our consideration the assignment that the Chancellor's error in denying the defendants a trial by jury was harmless error.

 We cannot agree with the premise of this assignment; we are of opinion and hold that the Chancellor's action in applying the rule of court which we have quoted with the result that the defendants lost their right to a trial of the issues before a jury was not error. Although we are in agreement with the Court of Appeals that the issues submitted by the defendants were not determinative of the cause, we also are of opinion that the provision of the rule that requires the party demanding a jury in his pleading or on the first day of the term at which the cause is for trial is reasonable. Futhermore, we consider it a just provision that failure to observe this requirement operates as a waiver of a trial by jury. The defendants deprived themselves of the right to a jury by their failure seasonably to submit issues for the Chancellor's consideration.

The statute which authorized the Chancellor to promulgate the rule in question was one which had been in effect for many years and later became Section 16-627, T.C.A., and authorized Chancellors to make rules of practice for the purpose of expediting business in their Chancery Divisions. This Section was repealed by Chapter 227 of the Public Acts of 1965 and in its Section 6, carried in the Code as Section 16-117, authorized the adoption of supplementary rules of practice.

The rule of the Fifth Chancery Division is not in conflict with any statute or with any other rule of practice to which our attention has been called. This circumstance distinguishes the case under consideration from *World Granite Co. v. Morris Bros.*, 142 Tenn. 665, 222 S.W. 527 [1919]. In that case the local rule deprived a defendant of the right to a jury trial under conditions which afforded him such right under the applicable statute. The Court held the statute to be mandatory and struck down the rule.

We overrule the assignment of error, affirm the Court of Appeals and the Chancery Court, and remand the cause to the Chancery Court for enforcement of its decree.

DYER, CHIEF JUSTICE, and CHATTIN, CRESON and HUMPHREYS, JUSTICES, concur.