Myrtle Mae Daly BROWN, Willie Myrle Daly Cruse, Mary Elizabeth Daly Wolfe, Beatrice Darnell Ward, Joann Thompson, Joyce Benham, Gene Posey and Marty Ward, Plaintiffs/Appellants,

v.

Norma Jean Belton DALY, Defendant/Appellee.

Court of Appeals of Tennessee, Western Section, at Jackson.

April 7, 1994.

Application for Permission to Appeal Denied by Supreme Court July 25, 1994.

TOMLIN, Presiding Judge (Western Section).

Myrtle Mae Daly Brown and others claiming an interest in certain real property ("plaintiffs") filed suit in the Chancery Court of Shelby County against Norma Jean Belton Daly ("defendant"), seeking a court-ordered partition and sale of real property located in Eads, Tennessee. After defendant answered, plaintiffs made a timely demand for a jury trial in conformity with T.R.C.P. 38.02, as to the issue of ownership or title to the subject property. The chancellor denied plaintiffs' jury demand on the ground that plaintiffs failed to comply with a local rule of court, and the case proceeded to trial without a jury. At the close of plaintiffs' proof, the chancellor granted defendant's motion to dismiss pursuant to T.R.C.P. 41.02 on the ground that plaintiffs had shown no right to relief based upon the facts presented. On appeal, plaintiffs have raised three issues: whether the chancellor erred (1) in denying plaintiffs a jury trial as to the issues stated pursuant to T.R.C.P. 38.02; (2) in basing his findings of fact on evidence not admitted or presented at trial; and (3) in ruling that a check constituted a conveyance of the subject property. The first issue is dispositive of this appeal. For the reasons hereafter stated, we reverse and remand for a jury trial as to the jury demand. In addition, and in order to prevent a recurrence of errors, we briefly address the other two issues to assist the trial court on remand.

## I. The Jury Trial Issue

Considering the posture in which we find this case, we take the allegations in plaintiffs' complaint as true. Plaintiffs' father, Earl Daly, bought the subject property in 1964. Plaintiffs claim title to four-fifths of the property as heirs of their late father, who died intestate in 1966. In her answer, defendant asserts that her husband, a son of the deceased former owner, owned the property and that it had passed to her under her husband's will. Thereafter, plaintiffs filed a demand for a jury trial on the issue of "ownership or title to the property known as 700 Reed Hooker Road, Eads, Tennessee." By

G. Keith Rogers, Jr., Dyer, James & Taylor, Dyer, for plaintiffs/appellants.

Terry D. Smart, Connie Westbrook, Memphis, for defendant/appellee.

consent, defendant amended her answer, alleging that her husband purchased the property or alternatively that he purchased it from his father thereafter, or in the alternative that he acquired it under the doctrine of prescription.

Tennessee Rule of Civil Procedure 38 reads in pertinent part as follows:

**38.02. Demand.**—Any party may demand a trial by jury of any issue triable of right by jury by demanding the same in any pleading specified in Rule 7.01 [i.e., complaint or responsive pleading] or by endorsing the demand upon such pleading when it is filed, or by written demand filed with the clerk, with notice to all parties, within fifteen (15) days after the service of the last pleading raising an issue of fact.

. . . .

**38.04. Demand—Specification of Issues.**—In his demand a party may specify the issues which he wishes so tried; otherwise he shall be deemed to have demanded trial by jury of all the issues so triable. . . . Nothing in this section limits or qualifies the rights granted in Rule 38.02.

T.R.C.P. 38.

Defendant concedes that plaintiffs complied with T.R.C.P. 38.02, but asserts that plaintiff failed to comply with Local Rule 21 of Chancery Court, which reads as follows:

**RULE 21—JURY TRIALS**

(c) The party seeking a jury trial shall, not more than twenty *(20) days* after the case be at issue, file such issues of fact as deemed pertinent. Within fifteen *(15) days* thereafter the adversary party shall file such additional issues as deemed pertinent. . . .

. . . .

(f) The failure of the party demanding a jury to comply promptly with the provisions of this Rule shall constitute the waiver of jury trial.

Shelby County Chancery Court Rule 21.

■ At a pre-trial conference, defendant objected to plaintiffs' jury demand on the ground that it failed to comply with Local Rule 21. Plaintiffs then filed a motion for jury trial as to all issues triable by right pursuant to T.R.C.P. 38. Thereafter, the chancellor entered the following order denying plaintiff's demand:

This cause came on to be heard upon the Motion of defendant to strike plaintiffs' demand for a jury trial, upon argument of counsel and the entire record in the cause, it appeared to the Court that plaintiffs failed to timely file issues of fact and therefore plaintiffs have waived their demand for a jury trial.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that plaintiffs' demand for a jury trial be denied, to which plaintiffs except.

Plaintiffs concede that they did not comply with Local Rule 21, but insist that Local Rule 21 conflicts with the provisions of T.R.C.P. 38.02, and is therefore null and void. We agree.

In *Craven v. Dunlap,* No. 02A01–9202–CH–00027, 1993 WL 137584 (Tenn.App. May 3, 1993), this court dealt with almost the identical issue as is presented here for consideration. In *Craven,* the issue involved Rule 21(a) of the Shelby County Chancery Court which requires a party requesting a jury to endorse on the face of the pleading the words "Jury Demanded." Plaintiffs in that case failed to comply with that rule, and consequently, a jury panel was not summoned for the day of trial. The trial was reset, and the chancellor agreed not to overrule plaintiffs' jury demand if plaintiffs would pay the other litigants' partial legal expenses incurred during the delay in summoning a jury. When they refused to do so, the court denied plaintiffs' jury demand on the ground that they failed to comply with Local Rule 21(a). This court reversed on appeal, stating:

[N]o rule of court is ever effective to abrogate or modify a substantive rule of law. The Tennessee Rules of Civil Procedure are "laws" of this state. The trial court could not limit by rule the means provided by general law for exercising the right to trial by jury.

*Craven,* No. 02A01–9202–CH–00027, at 5 (citations omitted).

■ Tennessee Code Annotated § 16–2–511 and Rule 18 of the Rules of the Supreme

Court vest in the trial courts the power to adopt local rules. However, the Tennessee Rules of Civil Procedure are laws of this state and no rule of court is ever effective to modify or abrogate a law. *See Tennessee Dep't of Human Servs. v. Vaughn*, 595 S.W.2d 62, 63 (Tenn.1980). In light of our holding in *Craven*, this court is of the opinion that Shelby County Chancery Court Rule 21 is null and void *ab initio* to the full extent that it conflicts with the inviolate right to trial by jury as provided by T.R.C.P. 38. We are of the opinion that the chancellor erred in denying plaintiffs' demand for a jury. We therefore reverse and remand this case to the Shelby County Chancery Court for a jury trial not inconsistent with the provisions of this opinion.

## II. The Evidentiary Issue

In light of the fact that this case is to be retried, we feel obliged to address certain secondary issues, which, while not dispositive of the appeal, would be relevant to a retrial of the case. The first of these has to do with certain answers supplied by plaintiffs in response to interrogatories and requests for admissions.

Defendant requested plaintiffs to admit or deny the genuineness of certain documents which included, among other things, cancelled checks, surveys of the subject property, deeds, receipts, and other papers. Plaintiff answered and made certain admissions of genuineness, but objected to the relevancy of several of the documents. A hearing was held to consider the objections of defendant to the sufficiency of plaintiffs' answers, along with plaintiffs' objections to some of defendant's requests for admissions. The Chancellor found that plaintiffs' answers were insufficient and ordered plaintiffs to either admit or deny all requests, specifically stating that "any objections to relevancy shall be reserved for the pre-trial conference or the trial of this cause." Plaintiffs thereafter complied with the chancellor's order.

No further pre-trial conference was held, thus the issues of relevancy were never considered by the court. A non-jury trial was had thereafter. Plaintiffs put on their proof and thereafter rested their case. Defendant then moved that plaintiffs' suit be dismissed, pursuant to T.R.C.P. 41.02. In the arguments that followed, much was said concerning the effect of plaintiffs' admission of the genuineness of documents and the absence of a pre-trial ruling as to the relevancy of certain of them. Plaintiffs further insisted that the documents had not properly been admitted into evidence.

T.R.C.P. 36, which governs requests for admissions, reads in pertinent part as follows:

**36.01. Request for Admission.**—A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26.02 set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. . . .

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter. . . . If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder. . . .

. . . .

**36.02. Effect of Admission.**—Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.

T.R.C.P. 36.

As to the effect of admissions, our supreme court, in *Tennessee Department of Human*

*Services v. Barbee,* 714 S.W.2d 263 (Tenn. 1986), stated:

> Unlike responses to other discovery procedures which are evidentiary and are obtained for the purpose of introduction at trial and subject to contradiction at trial, a Rule 36 admission, unless it is allowed to be withdrawn or amended, concludes the matter and avoids any need for proof at trial.

*Id.* at 266.

█ In our opinion, all admissions of fact made by plaintiffs in answers to interrogatories were conclusive and could serve as a basis for any finding of fact made by the chancellor. In addition, we are of the opinion that the admissions by plaintiffs as to the genuineness of certain documents were conclusive as to whether the document was what it purported to be. However, the admission of the genuineness of the document does not equate to the document itself being admitted into evidence. "[A]ny admission made by a party pursuant to a request to admit is subject to all pertinent objections to admissibility which may be interposed at the trial." 4A James W. Moore et al., ¶ 36.08, at 36–82 (2d ed. 1994). Plaintiffs had adamantly objected to the relevancy of several of the documents admitted as genuine.

█ The party relying upon a document must still lay a foundation as to its relevancy, and have the document properly admitted into evidence. It was error, therefore, for the chancellor to make findings of fact and conclusions of law based upon the documents that were admitted as genuine, but not properly admitted into evidence. We make no ruling as to the relevancy of any of the documents in dispute.

### III. The Check as Conveyance

█ The chancellor also admitted into evidence a check from son as payor to father as payee that had written upon it "payment in full for all interest in 29.1 acres at 700 Reed Hooker Rd." When the chancellor filed his findings of fact and conclusions of law, he made the following finding with respect to this check:

> I further find as a fact that the check introduced as Trial Exhibit 8, dated May 19, 1966, drawn on the account of Earl W. Daly (son), 700 Reed Hooker Road, Eads, Tennessee, to the order of Earl Daly (father) in the amount of $1,521.49 for "payment in full for all interest in 29.1 acres at 700 Reed Hooker Rd.", was delivered to, endorsed by, and cashed by Earl Daly, father. I further find as a fact that the said check is clear and satisfactory proof of the transfer of any and all of the father's interest in the property to the son.
>
> I find as a fact that the check, signed by Earl Daly, son and endorsed by Earl Daly, father, constituted a valid transfer and expressed intent, of both the father and the son, that the son have all title and interest in the said property.

In our opinion, the Chancellor erred in finding that the check "constituted a valid transfer and expressed intent ... that the son have all title and interest in the said property." While the check may be a sufficient memorandum to satisfy the Statute of Frauds, in and of itself, the check does not, in our opinion, rise to the dignity of an instrument of conveyance or transfer of title in and to the subject property.

For the above stated reasons, the decree of the chancellor is reversed and this cause is remanded to the Shelby County Chancery Court for a jury trial not inconsistent with the conclusions reached in this case. Costs in this cause on appeal are taxed to defendant, for which execution may issue if necessary.

HIGHERS and FARMER, JJ., concur.