# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs January 8, 2014

## CHRISTOPHER VANCE SMALLING v. SARAH REBECCA SMALLING

**Extraordinary Appeal from the Chancery Court for Sullivan County (Blountville)**
**No. C0017789      E. G. Moody, Chancellor**

_____

### No. E2013-01393-COA-R10-CV-FILED-JANUARY 24, 2014

_____

We granted Christopher Vance Smalling's ("Husband") application for extraordinary appeal pursuant to Tenn. R. App. P. 10 to consider issues related to his suit for divorce from his wife Sarah Rebecca Smalling ("Wife"). This divorce case reached an unexpected impasse when the Chancery Court for Sullivan County ("the Trial Court") refused to set a hearing in the matter until a Temporary Parenting Plan concerning the parties' minor child was entered. Husband appeals, arguing both that he had complied with local rules by submitting a suitable Temporary Parenting Plan and that state law does not require the filing of a Temporary Parenting Plan in circumstances like those of this case. We hold that the local rules are in conflict with Tenn. Code Ann. § 36-6-403 because they require the filing of a written Temporary Parenting Plan even though the statute specifically states this is not required if the parties agree, as in this case, to a Temporary Parenting Plan. We also hold that even if we err in our judgment that Tenn. Code Ann. § 36-6-403 conflicts with and overrides the local rules, Husband complied with the local rules by submitting a Temporary Parenting Plan. We reverse the Trial Court.

**Tenn. R. App. P. 10 Extraordinary Appeal by Permission;**
**Judgment of the Chancery Court Reversed; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ. joined.

Ricky A.W. Curtis, Blountville, Tennessee, for the appellant, Christopher Vance Smalling.

Sarah Rebecca Smalling, pro se appellee.[1]

_____

[1]The defendant/appellee has not filed a response.

# OPINION

## Background

The relevant facts of this case are few and straightforward. In May 2013, Husband filed for divorce against Wife in the Trial Court. In his complaint, Husband alleged irreconcilable differences. The parties executed a Marital Dissolution Agreement and agreed upon a Permanent Parenting Plan concerning their minor child.[2] In her answer, Wife admitted that irreconcilable differences had arisen in the marriage and stated: "[H]aving fully answered, [Wife] requests that this cause proceed expeditiously as an uncontested matter, and that the hearing be had without her presence." With the parties ostensibly seeing eye to eye on the divorce, the suit appeared to be moving smoothly forward.

However, a stumbling block emerged. Husband submitted a proposed Temporary Parenting Plan in an attempt to comply with local rules requiring the filing of such a plan in divorces involving minor children. The Temporary Parenting Plan proposed by Husband incorporated the Permanent Parenting Plan agreed on by the parties. The Trial Court did not deem this acceptable. In an order handwritten on the proposed Temporary Parenting Plan dated "6-10-13" and initialed "EGM," the Trial Court stated: "Refused [sic] do not set for hearing until TPP filed." The divorce suit thus ground to a halt. Husband filed a Tenn. R. App. P. 10 application for extraordinary appeal, which we granted by order entered on July 18, 2013.

## Discussion

We granted Husband's application for extraordinary appeal to consider the following issues: 1) Whether Rule 16 of the Rules of Local Practice in the Circuit and Chancery Courts for Sullivan County, Tennessee required the filing of a Temporary Parenting Plan under the circumstances of this case; 2) whether the Temporary Parenting Plan submitted by Husband, which incorporated and attached the Agreed Permanent Parenting Plan executed by the parties prior to the filing of the action below, complied with the requirements of the local rule; and, 3) whether the requirements of the local rule are in conflict with the provisions of Tennessee Code Annotated § 36-6-403 (1).

The issues on appeal being questions of law, our review is conducted "under a pure *de novo* standard of review, according no deference to the conclusions of law made

---

[2]An affidavit in the record signed by Wife reflects, among other things, that she consented to Husband's counsel preparing her answer, the marital dissolution agreement, and final decree of divorce, even though he does not represent her.

by the lower courts." *Southern Constructors, Inc. v. Loudon County Bd. Of Educ.,* 58 S.W.3d 706, 710 (Tenn. 2001). The issues before us involve local rules. Tenn. Code Ann. § 16-2-511 provides:

> Uniform rules of practice may be promulgated in each district by the judges of the district. The rules shall be consistent with the statutory law, the rules of the supreme court and the rules of criminal and civil procedure. The judges within a district may, by rule, designate courts or parts of a court that will be primarily responsible for hearing certain types of cases or cases dealing with certain areas of the law. Not less than thirty (30) days prior to the rules taking effect, copies of the rules shall be published and circulated to the practicing bar and filed with the administrative director of the courts.

Tenn. Code Ann. § 16-2-511 (2009).

Rule 18 of the Rules of the Tennessee Supreme Court provides in part:

> Each judicial district may also adopt other uniform rules not inconsistent with the statutory law, the Rules of the Supreme Court, the Rules of Appellate Procedure, the Rules of Civil Procedure, the Rules of Criminal Procedure, the Rules of Juvenile Procedure, and the Rules of Evidence. Prior to the adoption or amendment of local rules of court, the judges of the judicial district shall solicit and consider input from members of the public and attorneys concerning the proposed rules or amendments. A judicial district may adopt uniform local rules that apply only to the circuit, chancery, criminal, or similar trial court divisions within the district.

We first address whether Rule 16 of the Rules of Local Practice in the Circuit and Chancery Courts for Sullivan County, Tennessee required the filing of a Temporary Parenting Plan under the circumstances of this case. Rule 16.02 (B) provides in part:

> When a Complaint for divorce involving minor children is filed with the Clerk's office, the following items must be attached to the summons:
>
> (1) Exhibit A (State Registry Form);
> (2) Temporary Parenting Plan and, if necessary, Affidavit of No or Limited Visitation and Notice of Hearing as set forth in item 16.03 below;
> (3) Information for Defendant;
> (4) Letter to Defendant from Judges;
> (5) Acknowledgment of Defendant to Attend Parent Education Seminar;

(6) Report of Income of Defendant with attached definition of gross income; and,

(7) Documents in compliance with T.C.A. § 36-4-106(b).

Rule 16.03 (A)(1) states:

Upon filing the complaint for a divorce involving minor children, the plaintiff shall file:

(1) Temporary Parenting Plan (TPP) and Child Support Worksheet (and Credit Worksheet when applicable) pursuant to Tennessee Department of Human Services Rule 1240-2-4. The TPP may be agreed to by both parties, or submitted by Plaintiff.

A reasonable construction of the local rules is that they require the filing of a Temporary Parenting Plan in a divorce involving minor children. No exception to this requirement is present in the local rules.

Husband asserts that this requirement conflicts with the relevant statutory law. The applicable Tennessee statute provides in part:

The court shall approve a temporary parenting plan as follows:

(1) *If the parties can agree to a temporary parenting plan, no written temporary parenting plan is required to be entered; or . . . .*

Tenn. Code Ann. § 36-6-403 (2010)(emphasis added).

Rule 16, with its apparent blanket requirement for the filing of a Temporary Parenting Plan, contradicts Tenn. Code Ann. § 36-6-403 when the parties agree on a Temporary Parenting Plan. Rule 18(c) of the Rules of the Tennessee Supreme Court states that "any local rule that is inconsistent with a statute or a procedural rule promulgated by the Supreme Court shall be invalid." Additionally, there is significant case law in Tennessee for the proposition that local rules may not conflict with statutory law. "Trial courts may . . . adopt local practice rules as long as the rules do not conflict with other applicable statutes or rules promulgated by the Tennessee Supreme Court." *Pettus v. Hurst*, 882 S.W.2d 783, 786 (Tenn. Ct. App. 1993). "[N]o rule of court is ever effective to modify or abrogate a law." *Brown v. Daly*, 884 S.W.2d 121, 124 (Tenn. Ct. App. 1994). In *Hackman v. Harris*, 225 Tenn. 645, 475 S.W.2d 175, 177 (Tenn. 1972), our Supreme Court affirmed the trial court in its denying the defendants in a civil case a jury trial based on the defendants' failure

to follow the relevant local rule. Our Supreme Court acknowledged *Hackman* decades later, observing that "[w]e recognized that local trial courts are empowered to enact and enforce local rules as long as those rules do not conflict with general law." *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 35 (Tenn. 2007). Under circumstances such as those of this case, where the parties are in agreement, no Temporary Parenting Plan need be filed pursuant to Tenn. Code Ann. § 36-6-403. Rule 16 must yield to Tenn. Code Ann. § 36-6-403 and is invalid to the extent it conflicts with the statute. *See Glisson v. Mohon Int'l, Inc./Campbell Ray*, 185 S.W.3d 348, 355 (Tenn. 2006). The Trial Court erred in not adhering to the statute.

We also granted Husband's application for extraordinary appeal to consider whether the Temporary Parenting Plan submitted by Husband, which incorporated and attached the Agreed Permanent Parenting Plan executed by the parties prior to the filing of the action below, complied with the requirements of the local rule. We have reviewed the Temporary Parenting Plan in the record. We do not find any defects in this plan sufficient to warrant the Trial Court's refusal to accept it. Therefore, even if we err in our judgment that Tenn. Code Ann. § 36-6-403 conflicts with and overrides the local rules, we hold that Husband *did* comply with the local rules by submitting an appropriate Temporary Parenting Plan. We reverse the judgment of the Trial Court and remand to the Trial Court for this matter to proceed to conclusion.

## Conclusion

The judgment of the Trial Court is reversed, and this cause is remanded for proceedings consistent with this Opinion. The costs on appeal are assessed one-half against the Appellant, Christopher Vance Smalling, and his surety, if any; and one-half against the Appellee, Sarah Rebecca Smalling.

_____
D. MICHAEL SWINEY, JUDGE