# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### November 6, 2013 Session

## LINDA F. COFFEY ET AL. v. TYLER N. HOFFMAN ET AL.

### Appeal from the Circuit Court for Hawkins County
### No. 09CV0276    Kindall T. Lawson, Judge

---

### No. E2013-01109-COA-R3-CV-FILED-MARCH 28, 2014

---

The issue presented in this appeal is whether the plaintiffs' uninsured motorist insurance carrier preserved its rights to a jury trial and subrogation interest under Tenn. Code Ann. § 56-7-1206 (2008). This statute allows an uninsured motorist insurer to "elect to decline binding arbitration and preserve its subrogation rights" under certain prescribed circumstances. Tenn. Code Ann. § 56-7-1206(k). The trial court held that the uninsured motorist insurance carrier failed to comply with a local circuit court rule that requires a response to a motion to be filed and served on the movant no later than 30 days after the motion is filed. Pursuant to that local rule, the trial court treated the plaintiffs' motion to compel arbitration as "unopposed." The trial court further held that the uninsured motorist insurance carrier "did not strictly comply with the requirement of T.C.A. § 56-7-1206 objecting to arbitration" and ordered the parties to submit to binding arbitration. We hold that the uninsured motorist insurance carrier complied with the statute, thereby preserving its rights to a jury trial and subrogation, and that the local rule does not operate to abrogate these rights. The judgment of the trial court is vacated and this case is remanded to the trial court for further proceedings.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated; Case Remanded

CHARLES D. SUSANO, JR., C.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Thomas L. Kilday and Brandy M. Burnette, Greeneville, Tennessee, for the appellant, Tennessee Farmers Mutual Insurance Company.

Phillip L. Boyd, Rogersville, Tennessee, for the appellees, Linda F. Coffey and C. Wayne Coffey.

# OPINION

## I.

On June 11, 2009, Linda F. Coffey and her husband, Wayne Coffey, ("plaintiffs") filed this lawsuit against Tyler N. Hoffman, Heather White Brewer, and Travis Brewer ("defendants"), for injuries allegedly resulting from an automobile accident. Plaintiffs notified their uninsured motorist insurance carrier, Tennessee Farmers Mutual Insurance Company ("plaintiffs' UM carrier"), of the accident, and alleged in their complaint that defendants were uninsured or underinsured. There are no undisputed facts pertaining to the issues on this appeal. In an attempt to reach a settlement, defendants offered plaintiffs $25,000 – the policy limit of their liability insurance coverage. Plaintiffs accepted the offer, invoking the governing statute, Tenn. Code Ann. § 56-7-1206, which provides in pertinent part as follows:

> (f) . . . [I]f a party or parties alleged to be liable for the bodily injury or death of the insured offers the limits of all liability insurance policies available to the party or parties in settlement of the insured's claim, the insured . . . may accept the offer, execute a full release of the party or parties on whose behalf the offer is made and preserve the right to seek additional compensation from the insured's uninsured motorist insurance carrier upon agreement of the insured . . . to submit the insured's uninsured motorist claim to binding arbitration of all issues of tort liability and damages . . .
>
> \*     \*     \*
>
> (g) Parties proposing to accomplish a settlement pursuant to this section shall comply with the following requirements and conditions:
>
> (1) Upon request, the insured . . . shall provide the liability insurance company or companies providing coverage to the party or parties to be released, the name and address of the insurance company or companies providing the insured with uninsured motorist coverage, the policy number or numbers and the limits of uninsured motorist coverage available to the insured;

(2) The liability insurance company or companies providing coverage to the party or parties to be released shall give written notice of the offer to the insured's uninsured motorist insurance carrier or its attorney, provide verification of the coverage upon request and confirm to the uninsured motorist insurance carrier or its attorney that the party or parties to be released will agree in writing to cooperate with the uninsured motorist insurance carrier in connection with the arbitration of the uninsured motorist claim; provided, that the uninsured motorist insurance carrier will agree to waive its subrogation rights against the party or parties to be released;

(3) The insured . . . shall give written notice to the uninsured motorist insurance carrier or its attorney of the insured's intent to accept the offer and agreement to submit the uninsured motorist claim to binding arbitration;

(4) After receipt of both of the notices referred to in subdivisions (g)(2) and (3), the uninsured motorist insurance carrier shall have thirty (30) days to give notice to its insured . . . and the liability insurance carrier . . . that it consents to the settlement, that it will agree to binding arbitration of the insured's uninsured motorist claim and that it will waive its subrogation rights against the party or parties to be released in exchange for their written agreement to cooperate in connection with the arbitration;

\*　　\*　　\*

(k) *Notwithstanding the provisions of this section relating to binding arbitration*, after receipt of both of the notices referred to in subdivisions (g)(2) and (3), *the uninsured motorist insurance carrier, at its option, may elect to decline binding arbitration and preserve its subrogation rights; provided, that within thirty (30) days after receipt of both of the notices, it pays the insured the full amount of the offer made by the liability insurance company or companies providing coverage to the party or parties seeking the release.*

Tenn. Code Ann. § 56-7-1206(f),(g), and (k) (emphasis added).

In accordance with the statute, the attorney for Direct Insurance Company, the liability insurance carrier for the defendants, sent a letter to plaintiffs and their UM carrier that stated the following in pertinent part:

> Pursuant to Tenn. Code Ann. § 56-7-1206(g)(2), this shall serve as written notice of Direct Insurance and the Defendants' offer of the applicable policy limits of $25,000.00 which is inclusive of all claims brought by [plaintiffs].
>
> *        *        *
>
> Tom, [plaintiffs' UM carrier's counsel], it was also my understanding that pursuant to § 56-7-1206(g)(3), [plaintiffs] must give written notice to you as the uninsured motorist carrier of their intent to accept this offer and agreement to submit the uninsured claim to binding arbitration.
>
> Thereafter, you, Tom, pursuant to § 56-7-1206(g)(4), shall have thirty (30) days in which to give notice to both [plaintiff's counsel] and to me whether you consent to the settlement; agree to binding arbitration with waiver of the subrogation rights. Pursuant to § 56-7-1206(k), you have other options. However, Direct Insurance is desirous of handling this matter in this fashion and makes the foregoing tender of its limits along with the cooperation of its insureds.

In response, plaintiffs' counsel sent a letter to counsel for plaintiffs' UM carrier and counsel for defendants' liability carrier stating that plaintiffs were providing notice under Tenn. Code Ann. § 56-7-1206(g) that plaintiffs "accept the offer of settlement made by Direct [defendants' liability carrier] in the amount of $25,000 and agree to submit the uninsured motorist claim to binding arbitration."

Counsel for plaintiff's UM carrier responded with a letter to counsel for plaintiffs and counsel for defendants' liability carrier, stating:

> In follow-up to your letter . . . regarding [plaintiffs'] agreement to accept the defendants' offer under TCA § 56-7-1206, you will find attached herewith the check of [plaintiffs' UM carrier] in the amount of $25,000 made payable to [plaintiffs'] order. This check is submitted to you and your clients *in preservation of the*

-4-

> *right of my client of a jury trial as well as its right of subrogation under the policy contract with respect to this payment as well as any other payments made thereunder* and in conformity with the provisions and requirements of TCA § 56-7-1201 et seq.

(Emphasis added).

Shortly after receiving the letter from plaintiffs' UM carrier, plaintiffs filed a motion asking the trial court to order the parties to binding arbitration upon, *inter alia*, the following alleged ground:

> [Plaintiffs' UM carrier] has not complied with and violated *Tennessee Code Annotated § 56-7-1206(k)*, by failing in its letter . . . to <u>decline binding arbitration</u>. . . . Having failed to decline arbitration, [plaintiffs' UM carrier] has not complied with the requirements of the statute. As a result, the Court must order the parties to binding arbitration for failure of [plaintiffs' UM carrier] to fully comply with its duties under *Tennessee Code Annotated § 56-7-1206(k)*.

(Underlining and italics in original).

Shortly before the hearing on plaintiffs' motion, counsel for plaintiffs' UM carrier filed a brief handwritten response stating as follows:

> Tennessee Farmers hereby opposes plaintiff's motion seeking to compel arbitration inasmuch as it has conducted itself appropriately pursuant to TCA 56-7-1206 in opposition thereto.

The trial court granted plaintiffs' motion in an order stating "[b]ecause no response was filed within the time provided in *Rule 7* of the *Local Rules of the Third Judicial District*, the motion of plaintiffs is treated as unopposed and is hereby granted." (Italics in original.) Rule 7.04 of the Third Judicial District of Tennessee Circuit Court Local Rules of Practice provides as follows:

> Responses to motions, including counter-affidavits, depositions, briefs or any other matters being presented in opposition to motions must be filed and served on the movant no later than thirty (30) days after the filing of the motion. Unless the party

-5-

responding to the motion secures an extension of time in which to file a response, if no response is filed within the aforesaid period, the court shall presume that no response is to be filed and the motion shall be considered unopposed.

Plaintiffs did not move in writing for the application of Local Rule 7.04. Because there is no transcript of the motion hearing, it is not clear whether the trial court acted *sua sponte* in applying Local Rule 7.04 and granting plaintiffs' motion.

Plaintiffs' UM carrier filed a motion to alter or amend. After a hearing, the trial court denied this motion in an order stating in pertinent part:

The response filed by [plaintiffs' UM carrier] at the April 10, 2010 hearing was found not to be timely filed . . . The Court, therefore, treated the motion presented on that day as unopposed and confirms the previous order of April 11, 2012.

The letter . . . mailed by counsel for [plaintiffs' UM carrier] did not strictly comply with the requirement of *T.C.A. § 56-7-1206* relating to arbitration; therefore, the order directing the parties to arbitration is hereby confirmed.

(Underlining and italics in original; numbering omitted.) The trial court denied plaintiffs' UM carrier's request for permission to take an interlocutory appeal.

Following arbitration, the trial court entered an order in accordance with the arbitrator's decision, awarding plaintiffs Linda F. Coffey $45,000 and C. Wayne Coffey $3,500. Defendants' liability carrier was ordered to pay $25,000. Plantiffs' UM carrier was ordered to pay $23,500. Plaintiff's UM carrier timely filed a notice of appeal.

II.

The issue presented is whether the trial court erred (1) in holding that plaintiffs' UM carrier did not preserve its rights to a jury trial and to subrogation because of its failure to comply with Tenn. Code Ann. § 56-7-1206, and (2) in ordering the parties to binding arbitration.

III.

The issue before us involves the construction and application of a statute, which is a question of law that we review de novo. ***Lipscomb v. Doe***, 32 S.W.3d 840, 843-44 (Tenn. 2000). We first address the straightforward question of whether plaintiffs' UM carrier complied with the requirements of Tenn. Code Ann. § 56-7-1206(k) to object to binding arbitration, seek a jury trial, and preserve its right to subrogation. As previously quoted herein, the pivotal provision of the statute provides as follows:

> Notwithstanding the provisions of this section relating to binding arbitration, after receipt of both of the notices referred to in subdivisions (g)(2) and (3), the uninsured motorist insurance carrier, at its option, may elect to decline binding arbitration and preserve its subrogation rights; provided, that within thirty (30) days after receipt of both of the notices, it pays the insured the full amount of the offer made by the liability insurance company or companies providing coverage to the party or parties seeking the release.

Tenn. Code Ann. § 56-7-1206(k). Plaintiffs' UM carrier, through its attorney, timely sent a letter to plaintiffs' attorney with a check for $25,000 – the policy limits of defendants' liability coverage and the full amount of the offer made by defendants' liability insurance company – with a courtesy copy of the letter to counsel for the defendants' liability carrier. The letter stated the following:

> This check is submitted to you and your clients *in preservation of the right of my client of a jury trial as well as its right of subrogation under the policy contract with respect to this payment as well as any other payments made thereunder* and in conformity with the provisions and requirements of TCA § 56-7-1201 et seq.

(Emphasis added.) This language could hardly have been more clear in communicating the intent of plaintiffs' UM carrier to decline arbitration and preserve its jury trial and subrogation rights. Plaintiffs' UM carrier fully complied with the requirements of the statute. While the letter did not expressly say that the UM carrier "elect[ed] to decline binding arbitration," it did make specific reference to § 56-7-1201 et seq., its right to a jury trial, and its right to subrogation. It also transmitted its check to plaintiffs in an amount identical to the amount of the offer by the defendants' liability carrier. The only reasonable interpretation of the UM carrier's words and actions is that it was proceeding in full

conformity with the provisions of Tenn. Code Ann. § 57-7-1206(k) in order to obtain all of the rights available to it under this code section. This would have been true even in the absence of any express reservation of any rights.

Plaintiffs point to the following statement printed on the $25,000 check proferred by plaintiffs' UM carrier: "ENDORSEMENT BY PAYEE(S) ON REVERSE SIDE IS A RELEASE OF ALL PERSONS OR ENTITIES INSURED UNDER THE POLICY REFERENCED ABOVE, AND TENNESSEE FARMERS MUTUAL INS. CO. FOR ALL CLAIMS ARISING FROM THE LOSS REFERRED TO ABOVE." (Capital letters in original). Plaintiffs argue that this language created a trap for the unwary, in that "acceptance of the check with the release would have barred them from pursuing their respective rights of action" against plaintiffs' UM carrier and defendants' liability carrier.

The response of plaintiffs' UM carrier is tri-fold: (1) the form release language on the check was an inadvertent oversight, not a trap; (2) the release would not have been effective anyway, because Tenn. Code Ann. § 56-7-1206(k) specifically provides that "[a]cceptance of the amount by the insured shall not operate as a release of the liability insurance carrier's insureds, nor shall it prevent or preclude the insured from seeking additional compensation from the insured's uninsured motorist insurance carrier"; and (3) the issue is hypothetical, because plaintiffs did not accept or endorse the check. The trial court did not consider the language on the proferred check to be pertinent to the disposition of the case. Under the circumstances presented here, neither do we.

Plaintiffs' UM carrier complied with the requirements of Tenn. Code Ann. § 56-7-1206(k), thereby preserving its subrogation rights and its declination to submit to arbitration under the statute. Moreover, "[t]he litigants in personal injury cases have a constitutionally protected right to have the disputed factual issues in their case decided by a jury." *Duran v. Hyundai Motor Am., Inc.*, 271 S.W.3d 178, 209 (Tenn. Ct. App. 2008). These statutory and constitutional rights cannot be abrogated by operation of a local rule of court. *See, e.g.*, *Brown v. Daly*, 884 S.W.2d 121, 123 (Tenn. Ct. App. 1994) ("[N]o rule of court is ever effective to abrogate or modify a substantive rule of law"); *Lady v. Kregger*, 747 S.W.2d 342, 345 (Tenn. Ct. App. 1987) ("The Tennessee Rules of Civil Procedure are 'laws' and are subject to being superseded in the same manner as statutes. . . . Thus, the specific provisions in T.C.A. § 56-7-1206(e) prevail over the conflicting general provisions in T.R.C.P. Rule 3"); *In re Estate of Thompson*, No. M2011-00411-COA-R3-CV, 2012 WL 912859 at *6 (Tenn. Ct. App. W.S., filed Mar. 14, 2012) ("Local rules adopted by trial courts may not conflict with the rules adopted by the Supreme Court or other substantive law"); *May v. Woodlawn Mem'l Park, Inc.*, No. M2001-02945-COA-R3-CV, 2002 WL 31059223 at *2 (Tenn. Ct. App. W.S., filed Sept. 17, 2002) ("While trial courts of this state have the authority to make and implement reasonable local rules of practice and procedure in their respective courts, the

rules cannot conflict with substantive rules of law."). Thus, the trial court erred in applying Local Rule 7.04 to abrogate plaintiffs' UM carrier's preserved rights to subrogation and a trial by jury.

IV.

The judgment of the trial court is vacated and the case is remanded to the trial court for further proceedings consistent with this opinion. Costs on appeal are assessed to the appellees, Linda F. Coffey and C. Wayne Coffey.

_____
CHARLES D. SUSANO, JR., CHIEF JUDGE