IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 28, 2015

IN RE ESTATE OF JOHN J. BURNETTE

Appeal from the Chancery Court for Hamilton County
No. 99-P-649         Jeffrey M. Atherton, Chancellor

No. E2014-02522-COA-R3-CV-FILED-FEBRUARY 16, 2016

This case grew out of the administration of the estate of John J. Burnette. G. Michael Luhowiak, successor administrator of the estate, filed a motion seeking approval of fees and expenses and asking the trial court to assess those charges against John G. McDougal, the previous administrator. The trial court adopted a master's report granting the successor administrator the requested relief. The court denied the previous administrator's motion to alter or amend. The previous administrator appeals. We vacate the trial court's judgment because the court failed to hold a hearing and failed to independently assess the merits of the master's report. This case is remanded for further proceedings consistent with this opinion.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Vacated; Case Remanded for Further Proceedings

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Lee Ortwein, Chattanooga, Tennessee, for the appellant, John G. McDougal.

Anna Marie Davenport and G. Michael Luhowiak, Chattanooga, Tennessee, for the appellee, G. Michael Luhowiak, Successor Administrator of the Estate of John J. Burnette.

OPINION

I.

When the successor administrator filed his motion, the previous administrator responded by objecting to his successor's attempts to burden him with the subject fees and expenses. The court then referred this matter to the Clerk and Master who later

conducted a hearing on the successor administrator's motion. Following that hearing, the C&M filed his report on September 8, 2014, approving fees and expenses of $5,523.28 and assessing those charges to the previous administrator. In support of his decision, the C&M stated that the previous administrator "should be sanctioned for his neglect and unprofessionalism in administering [the] [e]state and protecting [e]state assets."

On September 23, 2014, the previous administrator filed his objections to the report. He never filed what is referred to in a local rule as a "motion for action." Rule 12.06 of the Local Rules of the Eleventh Judicial District provides as follows:

> (a)   Application to the Court for action upon a Master's Report or upon objections thereto shall be made by motion within ten (10) business days of the service of the Master's Report.
>
> (b) Objections shall be supported by a transcript of proceedings before the Master and shall state specifically the grounds for the objections by specific reference to the transcript, except in matters stipulated pursuant to LRCP 12.05.
>
> (c) *If no motion for action upon a Master's Report is made within the prescribed period, the Master's Report shall become final and the Court without further action of the parties may enter an order of confirmation.*
>
> (d)  Orders prepared by counsel, which confirm a Master's Report, shall be in proper form, embodying the recommended findings or awards in the report, such that the order shall stand alone without necessary reference to the report.

(Emphasis added.)

When the trial court heard the previous administrator's motion to alter or amend, the court denied the motion, noting that the estate's previous administrator had failed to file a motion for action under Local Rule 12.06:

> I didn't write the local rules. I just have to apply them. . . . [T]he local rules . . . [don't] say anything about when your objections have to be filed. The local rules say when your motion for action on the objections have to be filed. And the problem is, even if I interpret what you have to say as being accurate, the objection was filed within ten days, however

2

you want to count it, the objection is not to the time period within which the counting has to take place. It's the motion for action on the objection . . . that the time period runs against, not the objections themselves.

As the successor administrator acknowledges in his brief, "[t]he trial court confirmed the Master's Report, in accordance with Local Rule 12.06(c); *it did not hear evidence*." (Emphasis added.)

## II.

The previous administrator states the issues as follows:

Did the court err in finding appellant waived his objections to the report of the Clerk and Master because they were not timely filed?

Did the court err in finding appellant liable under the applicable law?

(Paragraph numbering in original omitted.) The successor administrator states that these are not the correct issues. He states a single issue as follows:

Whether the Chancery Court properly denied Appellant John G. McDougal's Motion to Alter or Amend the Order Confirming Master's Report because no motion for action upon the Master's Report was filed within ten (10) business days of the service of the Master's Report pursuant to Rule 12.06 of the Eleventh Judicial District Local Rules of Practice (Hamilton County).

(Paragraph numbering and italics in original omitted.)

The previous administrator argues that his filing of objections should be interpreted as a timely-filed motion for action. The successor administrator takes issue with this assertion. He argues that, even assuming the objections were timely filed, there was no motion for action as contemplated by Rule 12.06. None of this is relevant with respect to the basis for our decision in this case. For this reason, we do not address the merits of the parties' respective positions regarding procedure and do not reach the substance of the previous administrator's position with respect to the taxing of fees and expenses against him.

3

III.

In arguing their respective positions, both parties make reference to Tenn. R. Civ. P. 53 (Masters); but neither side addresses in any detail the issue of whether the trial court's interpretation of Local Rule 12.06 is consistent with or in conflict with Rule 53 of the Rules of Civil Procedure. As can be seen from their issues, neither side directly raises this as an issue. The failure of the parties to raise the issue of conformity or conflict with Rule 53 would normally preclude our addressing that matter on appeal. *Hodge v. Craig*, 382 S.W.3d 325, 334 (Tenn. 2012) ("Appellate review is generally limited to the issues that have been presented for review.") But this concept is not absolute. In fact, Tenn. R. App. P. 36 authorizes an appellate court to reach an issue not raised by a party:

> When necessary to do substantial justice, an appellate court may consider an error that has affected the substantial rights of a party at any time, even though the error was not raised in the motion for a new trial or assigned as error on appeal.

Because we believe the trial court committed a fundamental error when it approved the C&M's report without holding a hearing, we now address the issue of whether Local Rule 12.06 conflicts with Tenn. R. Civ. P. 53. We hold that it does.

IV.

Pursuant to the provisions of Tenn. R. Civ. P. 1, the Rules of Civil Procedure "govern procedure in the circuit or chancery courts in all civil actions[.]" Trial courts may "adopt local practice rules as long as the rules do not conflict with other applicable statutes or rules promulgated by the Tennessee Supreme Court." *Pettus v. Hurst*, 882 S.W.2d 783, 786 (Tenn. Ct. App. 1993) (citing *Hackman v. Harris*, 475 S.W.2d 175, 177 (Tenn. 1972); *Richie v. Liberty Cash Grocers, Inc.*, 471 S.W.2d 559, 563 (Tenn. Ct. App. 1971); Tenn. S. Ct. R. 18; Tenn. Code Ann. § 16-3-407 (1980)); *see also* *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 35 (Tenn. 2007) ("local trial courts are empowered to enact and enforce local rules as long as those rules do not conflict with general law.").

Trial courts are granted "broad authority to control their dockets and the procedures in their courts" and "may do so through local rules of practice, as long as these rules work in harmony with the Tennessee Rules of Civil Procedure." *Crom-Clark Trust v. McDowell*, No. M2005-01097-COA-R3-CV, 2006 WL 2737828, at *3 (Tenn. Ct. App. M.S., filed Sept. 25, 2006) (citations and footnotes omitted). " '[T]he rules governing practice and procedure in the trial and appellate courts of this state are promulgated by the joint action of the legislature and the Supreme Court,' and have the force and effect of law," although they are not statutes. *Harvey v. LaDuke*, No. E2005-00533-COA-R3-CV, 2006 WL 694640, at *8 (Tenn. Ct. App. E.S., filed Mar. 20, 2006) (citing *Stempa v. Walgreen Co.*, 70 S.W.3d 39, 42 n.2 (Tenn. Ct. App. 2001)).

4

The Supreme Court addressed a conflict between a state and local procedural rule in ***World Granite Co. v. Morris Bros.***, 222 S.W. 527 (Tenn. 1920).  In that case, a local Shelby County chancery court rule provided that "even where a jury is demanded in the pleadings, such demand will be treated as waived, unless the party demanding the jury make a motion in court . . . for an order to have the cause placed on the jury calendar." ***Id***. at 527.  The defendants did not comply with the local rule to request a jury trial.  ***Id.*** They argued the local rule was inconsistent with a state statute that they had complied with "and that the chancellor has no right to make any rule that would deprive them of the right given them by the statute." ***Id.***  The High Court held that "the statute in question is mandatory, and provides where a jury is demanded in the pleadings, the cause shall be tried before a jury." ***Id.***  The Supreme Court went on to say that "the chancellors were without power to change said statute by rule, and the rule in question does conflict with the statute." ***Id.*** at 527-28.  The Court concluded that the trial court should have followed the state statute, and reversed and remanded for a new trial. ***Id.*** at 528.

Similarly, in ***Brown v. Daly***, 884 S.W.2d 121, 124 (Tenn. Ct. App. 1994), we held that a local rule regarding a demand for a jury trial conflicted with Tenn. R. Civ. P. 38.02. In ***Brown***, it was undisputed that, in requesting a jury trial, plaintiffs complied with Tenn. R. Civ. P. 38.02, but failed to comply with Local Rule 21 of the Shelby County Chancery Court.  We stated:

> Plaintiffs concede that they did not comply with Local Rule 21, but insist that Local Rule 21 conflicts with the provisions of T.R.C.P. 38.02, and is therefore null and void.  We agree.
>
> In ***Craven v. Dunlap***, No. 02A01–9202–CH–00027, 1993 WL 137584 (Tenn. App. May 3, 1993),  . . . the issue involved Rule 21(a) of the Shelby County Chancery Court which requires a party requesting a jury to endorse on the face of the pleading the words  "Jury Demanded." . . . [T]he court denied plaintiffs' jury demand on the ground that they failed to comply with Local Rule 21(a).  This court reversed on appeal, stating:
>
>> [N]o rule of court is ever effective to abrogate or modify a substantive rule of law.  The Tennessee Rules of Civil Procedure are "laws" of this state.  The trial court could not limit by rule the means provided by general law for exercising the right to trial by jury.

5

> *Craven*, No. 02A01–9202–CH–00027, at 5 (citations omitted).
>
> Tennessee Code Annotated § 16-2-511 and Rule 18 of the Rules of the Supreme Court vest in the trial courts the power to adopt local rules. However, the Tennessee Rules of Civil Procedure are laws of this state and no rule of court is ever effective to modify or abrogate a law. *See Tennessee Dep't of Human Servs. v. Vaughn*, 595 S.W.2d 62, 63 (Tenn. 1980). In light of our holding in *Craven*, this court is of the opinion that Shelby County Chancery Court Rule 21 is null and void ab initio to the full extent that it conflicts with the inviolate right to trial by jury as provided by T.R.C.P. 38.

*Brown*, 884 S.W.2d at 123-24; *accord **First Citizens Bank of Cleveland v. Cross***, No. 03A01-9806-CH-00203, 1999 WL 76079, at *3 (Tenn. Ct. App. Jan. 28, 1999) (quoting and applying *Craven* and *Brown* holdings under similar facts).

Both this Court and the Court of Criminal Appeals have invalidated local rules conflicting with general law on a number of other occasions. *See **State v. Huskins***, 989 S.W.2d 735, 739 (Tenn. Ct. Crim. App. 1998) (holding invalid a trial court order abbreviating the time within which a party was permitted to appeal because it conflicted with Tenn. R. App. P. 9(b)); ***Church v. Church***, No. 02A01-9312-CH-00266, 1994 WL 34177, at *3 (Tenn. Ct. App. W.S., filed Feb. 3, 1994), (finding that local "Rule 15(g) modifies the substantive law enacted by the legislature at T.C.A. §§ 36-4-101-104 (1991) by effectively conditioning the parties' right to a divorce as provided by those sections on their submission to counseling" and invalidating local rule under separation of powers doctrine because "the question of whether divorcing parents should be required to obtain counseling is . . . for the Tennessee legislature to decide, not the judiciary"); ***Smalling v. Smalling***, No. E2013-01393-COA-R10-CV, 2014 WL 285682, at *1-3 (Tenn. Ct. App. E.S., filed Jan. 24, 2014); ***In re Heimbach***, No. 01A01-9504-PB-00147, 1995 WL 546954, at *4 (Tenn. Ct. App. W.S., filed Sept. 15, 1995); ***In re Estate of Thompson***, No. M2011-00411-COA-R3-CV, 2012 WL 912859, at *6 (Tenn. Ct. App. M.S., filed Mar. 14, 2012) .

Tenn. R. Civ. P. 53.04(2) grants trial courts the discretion to adopt the master's report, modify it, reject it in whole or in part, hear further evidence, or recommit it with instructions, but the trial court must make an independent judgment on the matter. ***In re Conservatorship of Duke***, No. M2015-00023-COA-R3-CV, 2015 WL 5306125, at *7 (Tenn. Ct. App. M.S., filed Sept. 3, 2015). A local rule cannot restrict this. ***Hackman***, 475 S.W.2d at 177.

We have held that a trial court must make such an independent judgment *regardless* of whether a party timely has objected to the master's report. In *Lakes Prop. Owners Ass'n, Inc. v. Tollison*, we said the following:

> Tenn. R. Civ. P. 53.04(2) mandates action by the trial court. It provides that in a non-jury action the trial court "shall act upon the report of the master." This rule requires the judgment of the trial court. The court cannot abdicate to the master its responsibility to *make a decision* on the issue in question. It must do more than "rubber stamp" what the master has done. Should it decide to confirm the master's report, it must be satisfied, after exercising its independent judgment, that the master is correct in the decision he has made.
>
> A party dissatisfied with a master's report "*may* serve written objections . . . upon the other parties" (emphasis added), but 53.04(2) does not expressly provide, or by implication indicate, that such objections are a prerequisite to a hearing. . . . The last sentence of 53.04(2) is most critical. It provides that "[t]he court *after hearing* may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions." (Emphasis added). The Chancellor and the Plaintiffs' expert read this provision as if the filing of objections was a condition precedent to receiving a hearing; but this is not what the rule says. As a general proposition, and regardless of whether objections have been filed, the trial court *must* hold a hearing. Our interpretation is consistent with the rule's overall mandate that the trial court must exercise its independent judgment.
>
> After a hearing, the trial court has a number of options. It "may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions"; but the trial court is required to act – to exercise its authority as a court of original jurisdiction to resolve the issue at hand. It doesn't have to hear evidence, but it can. The judgment is to be that of the trial court, and not the master. *See **Rimel*** [564 S.W.2d at 366].

7

> Rule 53(e)(2) of the Federal Rules of Civil Procedure is identical to Tenn. R. Civ. P. 53.04(2) with one very important distinction. Instead of mandating that the trial court "act" on the master's report as is the case with our rule, the federal counterpart provides that "the court shall accept the master's findings of fact unless clearly erroneous." The remainder of the rule is identical to our rule. It is obvious that our rule places a broader duty on the trial judge; but even the federal rule recognizes that an objection to the master's report is not a prerequisite to a hearing.

No. 03A01-9402-CV-00038, 1994 WL 534480, at *3-*4 (Tenn. Ct. App. E.S., filed Oct. 4, 1994) (emphasis in original). Since **Lakes Prop. Owners** was decided in 1994, this Court has reiterated and applied its clear holding numerous times. *See **Blankenship v. Blankenship**, No. 02A01-9603-CH-00051, 1997 WL 15241, at *2 (Tenn. Ct. App. E.S., filed Jan. 17, 1997); **Pruett v. Pruett**, No. E2007-00349-COA-R3-CV, 2008 WL 182236, at *5 (Tenn. Ct. App. E.S., filed Jan. 22, 2008); **In re Estate of Cook**, No. M2008-00325-COA-R3-CV, 2009 WL 3255250, at *4-*5 (Tenn. Ct. App. W.S., filed Oct. 9, 2009); **Hollow v. Ingrim**, No. E2010-00683-COA-R3-CV, 2015 WL 4861430 at *5-*6 (Tenn. Ct. App. E.S., filed Nov. 29, 2010); **Peacher-Ryan v. Heirs At Law of Ruth James Gaylor**, No. W2013-02801-COA-R3-CV, 2015 WL 1598072, at *5 (Tenn. Ct. App. W.S., filed Apr. 9, 2015); **In re Conservatorship of Duke**, 2015 WL 5306125, at *7. In **Peacher-Ryan**, this Court declined to uphold the trial court's decision to adopt a special master's report when the trial court gave only the following reason as the basis for its decision: " 'I have read the Clerk and Master's . . . Report, and I'm going to – and I think it's very clear and concise, and I'm going to approve it.' " 2015 WL 1598072, at *5. We found this to be insufficient, saying, "[t]his statement does not indicate the trial court's independent review of the Special Master's findings; at most, it indicates a 'rubber stamp' of the Master's report, which is not in keeping with the mandates of Rule 53." **Id.**

V.

In the present case, it is clear that the trial court did not hold a hearing to consider the findings and conclusions involved in the recommendation of the C&M. Furthermore, there is nothing in the record to suggest that, in approving the C&M's report, the trial court exercised its independent judgment regarding the merits of the report. On the contrary, the record clearly demonstrates that the court did neither. This apparently was based upon the trial court's belief that the failure of a party to timely file a "motion for action," in and of itself, permitted the court to simply approve the report without further ado. We believe that the trial court correctly interpreted the meaning of the local rule. That rule specifically provides that, if no motion for action is filed, then "the Master's Report *shall become final* and the Court without further action of the parties *may enter an order of confirmation*." (Emphasis added.) We hold that, facially and as applied, the

local rule conflicts with Tenn. R. Civ. P. 53. As the cases show, even if there are no objections filed, the trial court *must* hold a hearing and *must* exercise independent judgment with respect to the master's report. The local rule runs afoul of the mandate of Rule 53. There is a clear conflict. One rule – Rule 53 – requires a hearing and independent judgment; in the absence of a timely-filed motion for action, the local rule does not. The local rule must give way to the general law as expressed in Rule 53.

## VI.

The judgment of the trial court is hereby vacated. Costs on appeal are taxed against the appellee, G. Michael Luhowiak. This case is remanded to the trial court for further proceedings consistent with this opinion.

_____
CHARLES D. SUSANO, JR., JUDGE